IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-CV-01269-KOB |
| DOLLAR TREE STORES, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on "Plaintiff's Motion for Reconsideration of the Court's Order Dated September 24, 2018 (Doc. 21)." (Doc. 22) Plaintiff Kevin Hall seeks reconsideration of the court's denial of his motion to transfer the case to the Middle District of Alabama. (Doc. 21). For the reasons explained below, the court **DENIES** Mr. Hall's motion for reconsideration.

### I. Background

On August 9, 2018, Mr. Hall filed this case in the Northern District of Alabama. (Doc. 1). On September 10, Mr. Hall filed a one-sentence motion seeking a transfer to the Middle District of Alabama. (Doc. 10). Defendant Dollar Tree Stores filed its opposition to the motion on September 19. (Doc. 19). After analyzing the motion and the response, this court denied the motion to change venue. (Doc. 21). Mr. Hall now asks the court to reconsider its denial of the transfer.

### II. Standard of Review

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267–68 (N.D.

1

Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). The court recognizes three situations in which reconsideration is appropriate: when a party submits evidence of (1) "an intervening change in controlling law," (2) "the availability of new evidence," and (3) "the need to correct clear error or manifest injustice." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012) (quoting *Summit Medical Center of Ala., Inc.*, 284 F. Supp. 2d at 1355). A motion to reconsider may not be used to address "arguments that should have been raised in the first instance" or "to set forth new theories of law." *Id.* (first quoting *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002), then quoting *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)).

### III. Discussion

Mr. Hall moved this court to transfer this case to the Middle District of Alabama approximately one month after he filed this case in this court. (Doc. 10). Mr. Hall's sole reason to support the transfer was "the site of the incident involved in this case is Roanoke, Alabama which is located in the middle district of Alabama." (*Id.*). Dollar Tree Stores argued that Mr. Hall failed to meet his burden to demonstrate that a § 1404(a) transfer to the Middle District of Alabama would be significantly more convenient than the Northern District of Alabama. (Doc. 19). This court agreed and denied the motion to change venue. (Doc. 21).

Mr. Hall argues that he and Dollar Tree Stores agreed to transfer the case because Dollar Tree Stores included forum non conveniens and improper venue in its amended answer. Mr. Hall's motion to change venue did not contain this argument, and Dollar Tree Stores opposed the transfer. "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Wallace*, 846 F. Supp. 2d at 1249 (quoting

*Rossi*, 330 F. Supp. 2d at 1249). Mr. Hall cannot use a motion to reconsider to assert a new argument that he failed to raise initially. No controlling law has changed in the interim, no new evidence is available, and no clear error or manifest injustice has occurred. Therefore, this court finds that reconsideration of its order denying the requested transfer is inappropriate, and so the motion must be denied.

### IV. Conclusion

For the reasons discussed above, the court DENIES Plaintiff Hall's motion to reconsider. (Doc. 22). The case will remain in the Northern District of Alabama.

**DONE** and **ORDERED** this 1st day of October, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE